IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

EL PASO DIVISION

| | | |
|---|---|---|
| MELINDA RODRIGUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:23-cv-00150 |
| | ) | |
| SAM'S WEST, INC. D/B/A EL PASO | ) | |
| SAM'S CLUB #8153 a/k/a SAM'S | ) | |
| CLUB #8153, | ) | |
| | ) | |
| Defendant. | ) | |

---

## DEFENDANT'S NOTICE OF REMOVAL

---

SAM'S WEST, INC. D/B/A EL PASO SAM'S CLUB #8153 a/k/a SAM'S CLUB #8153 ("Defendant") respectfully submits this Notice of Removal for the purpose of removing the above-entitled action from the 41st Judicial District Court in El Paso County, Texas to the United States District Court for the Western District of Texas. As grounds for this Notice of Removal, Defendant states as follows:

### I. PROCEDURAL HISTORY

1.    Plaintiff Melinda Rodriguez commenced this action in County Court at Law No. 6 in El Paso County, Texas, Cause No. 2023DCV0858, by filing her Original Petition and Jury Demand ("Petition") on March 17, 2023. Copies of all pleadings filed in that action are attached as Exhibit A.

2.      On March 23, 2023, the case was transferred to the 41ˢᵗ Judicial District Court in El Paso County, Texas.  A copy of the Transfer Order is attached as Exhibit B.

3.      Plaintiff served her Original Petition on Defendant on March 24, 2023 [Exhibit "A"].  This removal is thus timely filed.

4.      As Defendant more fully states below, removal of this matter is proper under 28 U.S.C. §§ 1332 and 1441 based on diversity jurisdiction.

## II. DIVERSITY JURISDICTION

5.      Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over actions between citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

6.      Plaintiff is a resident, and therefore, a citizen of El Paso County, Texas.

7.      Defendant Sam's West, Inc. is an Arkansas corporation with its principal place of business in Arkansas.  Thus, there is complete discovery of citizenship between Plaintiff and Defendant.

8.      Plaintiff is claiming damages for physical pain and suffering and mental anguish, past and future.  Plaintiff seeks monetary relief of more than $1,000,000.  *See* Exhibit "A." Plaintiff's claim for damages, therefore, exceeds $75,000, exclusive of interest and costs.

9.      Because Plaintiff is a citizen of Texas and Defendant is a citizen of Arkansas, this Court has original jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1332(a)(1).

10.     Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as the district and division embracing the place where the state action is pending.

11.    Accordingly, because this civil action is wholly between citizens of different states and because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), and this action is removable pursuant to 28 U.S.C. § 1441.

### III. OTHER REMOVAL MATTERS

12.    Defendant reserves the right to amend or supplement this Notice of Removal.

13.    There have been no pleadings served upon Defendant other than Plaintiff's Original Petition and Jury Demand.

14.    This Notice of Removal is filed within 30 days of service upon Defendant of the petition in compliance with 28 U.S.C. § 1446(b).

15.    Pursuant to 28 U.S.C. § 1446(d), Defendant shall give Plaintiff written notice of the filing of this Notice of Removal and shall file a written notice of this Notice of Removal with the Clerk of the District Court of El Paso County Texas, 41st Judicial District Court, attaching a file-stamped copy of this Notice of Removal.

16.    Pursuant to 28 U.S.C. §§ 1332 and 1446, this action is removable to the United States District Court for the Western District of Texas.

WHEREFORE, Defendants give notice that *Melinda Rodriguez v. Sam's West, Inc. d/b/a El Paso Sam's Club #8153 a/k/a Sam's Club #8153*, Cause No. 2023DCV0858, in the 41st Judicial District Court of El Paso County, Texas, is removed to the United States District Court for the Western District of Texas.

Respectfully submitted,

**BLANCO ORDOÑEZ MATA & WECHSLER, P.C.**
5715 Cromo Drive
El Paso, Texas 79912
(915) 845-5800
(915) 845-5555 (Facsimile)

By: _____
    **STEVEN J. BLANCO**
    State Bar No. 00796217
    sblanco@bomwlaw.com
    **ROBERT M. ESTRADA**
    State Bar No. 24071886
    restrada@bomwlaw.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served upon all counsel of record utilizing the Court's electronic filing system on this the _____ day of April, 2023.

_____
        **STEVEN J. BLANCO**

# EXHIBIT A



**CT Corporation**
**Service of Process Notification**
03/24/2023
CT Log Number 543487721

## Service of Process Transmittal Summary

**TO:**     KIM LUNDY- EMAIL, Important Note here
Walmart Inc.
GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
BENTONVILLE, AR 72712-3148

**RE:**     **Process Served in Texas**

**FOR:**     Sam's West, Inc.  (Domestic State: AR)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Re: RODRIGUZ MELINDA // To: Sam's West, Inc. |
| **DOCUMENT(S) SERVED:** | Citation, Petition and Demand, Attachment(s), First Set(s) of Interrogatories, Certificate(s) |
| **COURT/AGENCY:** | Paso County Court at Law 6, TX<br>Case # 2023DCV0858 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 004/24/2021, Sam's Club #8153 located at 7970 N. Mesa, El Paso, TX, 79925 |
| **PROCESS SERVED ON:** | C T Corporation System, Dallas, TX |
| **DATE/METHOD OF SERVICE:** | By Process Server on 03/24/2023 at 12:32 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Daniela Labinoti<br>Law Firm of Daniela Labinoti, P.C.<br>707 Myrtle Avenue<br>El Paso, TX 79901<br>915-581-4600 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/24/2023, Expected Purge Date: 03/29/2023<br><br>Image SOP |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the



**CT Corporation**
**Service of Process Notification**
03/24/2023
CT Log Number 543487721

included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Fri, Mar 24, 2023
**Server Name:**                   Drop Service

| | |
|---|---|
| Entity Served | Sam's West Inc |
| Case Number | 2023DCV0858 |
| Jurisdiction | TX |

| Inserts | | |
|---|---|---|
| | | |



# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

TO: **SAM'S WEST, INC. D/B/A EL PASO SAM'S CLUB #8153 A/K/A SAM'S CLUB #815,** who may be served with process by serving its Registered Agent, **CT CORPORATION SYSTEM, AT 1999 BRYAN STREET, SUITE 900, DALLAS, TX 75201**

Greetings:

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 6,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on 03/17/2023, by Attorney at Law, **DANIELA LABINOTI, 707 MYRTLE AVENUE, EL PASO, TX 79901** in this case numbered 2023DCV0858 on the docket of said court, and styled:

**MELINDA RODRIGUZ**
**vs.**
**SAM'S WEST, INC. D/B/A EL PASO SAM'S CLUB #8153 A/K/A SAM'S CLUB #8153**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, this on this the 22nd day of March, 2023

Attest: NORMA FAVELA BARCELEAU, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA FAVELA BARCELEAU**
District Clerk
Enrique Moreno County Courthouse
500 E. San Antonio Ave, RM 103
El Paso Texas, 79901

ATTACH
RETURN RECEIPTS
WITH
ADDRESSEE'S SIGNATURE

Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation.
Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

By _____, Deputy
Crystal Chavira

CERTIFICATE OF DELIVERY BY MAIL
I hereby certify that on the _____ day of _____, 2023, at _____ I mailed to _____
defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the **PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND** attached thereto.

| *NAME OF PREPARER | TITLE |
|---|---|
| ADDRESS | |
| CITY | STATE | ZIP |

_____
_____
TITLE

El Paso County - County Court at Law 6

Filed 3/17/2023 2:54 PM
Norma Favela Barceleau
District Clerk
El Paso County
2023DCV0858

## IN THE _____ JUDICIAL DISTRICT COURT
## IN EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| **MELINDA RODRIGUZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Cause No.: 2023-DCV-_____** |
| | § | |
| **SAM'S WEST, INC. d/b/a EL PASO** | § | |
| **SAM'S CLUB #8153 a/k/a SAM'S CLUB** | § | |
| **#8153,** | § | |
| | § | |
| **Defendant,** | § | |
| | § | |

### PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW MELINDA RODRIGUEZ (hereinafter referred to as "Plaintiff"), complaining of SAM'S WEST, INC. d/b/a EL PASO SAM'S CLUB #8153 a/k/a SAM'S CLUB #8153 (hereinafter referred to as "Defendant SAM'S CLUB"), and for a cause of action would respectfully show the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

Pursuant to Rule 190, discovery in this case will be conducted in Level 3.

### II.
### PARTIES AND SERVICE

Plaintiff MELINDA RODRIGUEZ is a resident of El Paso County, Texas.

Defendant SAM'S WEST, INC. d/b/a EL PASO SAM'S CLUB #8153 a/k/a SAM'S CLUB #8153 is a foreign for-profit corporation doing business in El Paso County, Texas, and may be served with process by serving its registered agent, CT CORPORATION SYSTEM, or any

*Melinda Rodriguez vs. Sam's West, Inc. d/b/a El Paso Sam's Club #8153 a/k/a Sam's Club #8153*
Plaintiff's Second Amended Petition

Page 1 of 17

other authorized officer or agent therein at 1999 Bryan Street, Suite #900, Dallas, Texas 75201 and/or wherever they may be found.

### III.
### VENUE AND JURISDICTION

The subject matter in controversy is within the jurisdictional limits of this Court. The Court has jurisdiction over this matter in that Plaintiff is a Texas resident and Defendant SAM'S WEST, INC. d/b/a EL PASO SAM'S CLUB #8153 a/k/a SAM'S CLUB #8153 does business in the State of Texas. Venue in El Paso County, Texas is proper in this cause under Section §15.002(a) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in the county.

### IV.
### FACTUAL BACKGROUND

The injuries and damages suffered by Plaintiff MELINDA RODRIGUEZ and made the basis of this action arose out of an incident which occurred on or about April 24, 2021, in El Paso County, Texas, specifically at Defendant SAM'S WEST, INC. d/b/a EL PASO SAM'S CLUB #8153 a/k/a SAM'S CLUB #8153's store located at 7970 N. Mesa, El Paso, Texas 79925. This store is owned, run, and operated by Defendant. As such, Plaintiff involves the doctrine of *respondeat superior* and/or vicarious liability. At the time in question, Plaintiff was an invitee at the subject retail store.

On April 24, 2021, Plaintiff MELINDA RODRIGUEZ was an invitee at the store in question. Plaintiff was in Defendant's store, and noticed the aisle where the swimming pools were displayed, as Plaintiff turned the corner to enter the aisle, she slipped on a substance which appeared to be red in color, a substance that resembled a raspberry, causing Plaintiff to fall hard onto the floor.

*Melinda Rodriguez vs. Sam's West, Inc. d/b/a El Paso Sam's Club #8153 a/k/a Sam's Club #8153*
Plaintiff's Second Amended Petition

Page 2 of 17

Plaintiff RODRIGUEZ was not expecting the fall and fell to the floor in a very hard manner, causing Plaintiff to sustain severe injuries to her body.

At such time, Plaintiff was an invitee to whom Defendant owed a duty to use reasonable care, including the duty to protect and safeguard Plaintiff from unreasonably dangerous conditions on the premises and/or to warn of their existence.

The store in question is under the sole control of Defendant. Employees of Defendant are responsible for providing a safe place for customers. Defendant has a duty to keep their premise safe for invitees such as the Plaintiff. Defendant failed in this duty.

Defendant is vicariously liable for all acts/or omissions of negligence committed by their store managers, and any and all employees, officers, or agents of Defendant, which were the proximate cause of all damages suffered by Plaintiff.

As a result of the occurrence, Plaintiff sustained substantial injuries and damages.

### V.
### PLAINTIFF'S CLAIMS OF PREMISE LIABILITY AGAINST DEFENDANT SAM'S WEST, INC. d/b/a EL PASO SAM'S CLUB #8153 a/k/a SAM'S CLUB #8153

Plaintiff would show that her injuries and damages were caused by the negligence of Defendant SAM'S WEST, INC. d/b/a EL PASO SAM'S CLUB #8153 a/k/a SAM'S CLUB #8153. Plaintiff would show that said Defendant SAM'S CLUB owed her a duty of reasonable care, and Defendant's breach of such duty was a proximate cause of Plaintiff's injuries and damages. Defendant was negligent by breaching this duty to the Plaintiff in one or more of the following alternative theories of negligence:

1. Failure to maintain the property to prevent a danger to invitees such as the Plaintiff;
2. Failure to properly inspect the property and eliminate the dangerous condition on the premise;
3. Failure to warn invitees of the potentially dangerous conditions;
4. Failure to implement safety precautions to prevent injuries to invitees;

*Melinda Rodriguez vs. Sam's West, Inc. d/b/a El Paso Sam's Club #8153 a/k/a Sam's Club #8153*
*Plaintiff's Second Amended Petition*

Page 3 of 17

5. Failure to assure that all employees complied with and followed all safety precautions to prevent injuries to invitees;
6. Failure to correct the dangerous conditions that existed on the premises for the time in question;
7. Ignoring the safety of the customers and invitees and acting with reckless disregard to the rights of the customers and invitees by failing to properly inspect/maintain the property to prevent having obstructions or dangerous conditions on the floor;
8. Negligent training and supervision by management and Defendant on the proper and safe procedures for handling maintenance issues on the premises, including but not limited to placing signs, warning customers, and/or closing the area so customers and/or invitees cannot walk by;
9. Failure to put warning signs out for customers and invitees warning them of the dangerous condition;
10. Other negligence.

Each of which acts and/or omissions referenced above was other than what a reasonable and prudent person would have been doing under the same or similar circumstances and was a proximate cause of Plaintiff's injuries and damages.

It is foreseeable that failing to properly inspect and/or maintain the premises to discover and resolve the dangerous conditions, could cause harm to customers, and invites including the Plaintiff; nevertheless, Defendant SAM'S WEST, INC. d/b/a EL PASO SAM'S CLUB #8153 a/k/a SAM'S CLUB #8153's employees ignored the risk and acted with reckless disregard to the safety of the public.

**VI.**
**PLAINTIFF'S CLAIM OF VICARIOUS LIABILITY AGAINST DEFENDANT SAM'S WEST, INC. d/b/a EL PASO SAM'S CLUB #8153 a/k/a SAM'S CLUB #8153**

Alternatively, and without waiving the foregoing, Plaintiff would show that Defendant SAM'S WEST, INC. d/b/a EL PASO SAM'S CLUB #8153 a/k/a SAM'S CLUB #8153 is liable for the damages and injuries which were caused by the negligence and other wrongful conduct of its employees, agents, managers, officers, and/or representatives. Defendant SAM'S CLUB is liable for the acts and/or omissions of their employees, agents, managers, officers, and/or representatives. In addition, Defendant SAM'S CLUB owed a duty of care to Plaintiff because of

Defendant's right of control, which arose through the course of dealing. Defendant SAM'S CLUB is liable under the *respondeat superior;* master/servant, principal/agent.

## VII.
## PLAINTIFF'S DAMAGES

As a direct result of the occurrence, Plaintiff suffered bodily injuries. As a further result of the occurrence, Plaintiff has incurred expenses for medical care, nursing services, attention, and other expenses. These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiff and the charges made and to be made were the usual and customary charges for such services. Plaintiff will require further medical care, nursing services, and attention, and will necessarily incur reasonable expenses in the future for such medical needs.

Plaintiff has suffered extreme pain and suffering in the past and Plaintiff will continue to suffer pain and suffering in the future. Plaintiff has suffered mental anguish in the past and will continue to suffer mental anguish in the future. As a result of the occurrence, Plaintiff has suffered within the jurisdictional limits of this Court and requests monetary relief of over $1,000,000.00.

## VIII.
## RELIEF REQUESTED

Pursuant to Tex. R. Civ. P. 47(c), Plaintiff is required to plead the maximum amount of damages sought, however, some damages are unliquidated and cannot be easily calculated in monetary terms. In addition, discovery has not yet begun and the extend of Plaintiff's future damages is still being determined. At the early stage of the proceedings, Plaintiff requests that the jury be fair and reasonable in its determination of damages in an amount of relief of over $1,000,000.00.

## IX.
## JURY DEMAND

Plaintiff respectfully requests a trial by jury of the issues of this case.

**X.**

Plaintiff hereby notifies Defendant that Plaintiff intends to use Defendant's discovery answers and responses, including any evidence produced in responses to such discovery, as evidence in trial in accordance with such right and privileges established by Tex. R. Civ. P. 193.7.

**XI.**
**REQUEST FOR INITIAL DISCLOSURES TO DEFENDANT**
**DUTY TO DISCLOSE WITHIN 30 DAYS OF THE ANSWER.**

**PLEASE BE ADVISED THAT UNDER TEXAS RULE 194, YOU MUST PRODUCE AND PROVIDE THE REQUIRED DISCLOSURES WITHIN 30 DAYS OF THE ANSWER:**

(a) **Time for Initial Disclosures.** A party must make the initial disclosures within 30 days after the filing of the first answer or general appearance unless a different time is set by the parties' agreement or court order. A party that is first served or otherwise joined after the filing of the first answer or general appearance must make the initial disclosures within 30 days after being served or joined.

(b) **Content.** Without awaiting a discovery request, Aa party may request disclosure of any or all of the following must provide to the other parties:

(1) the correct names of the parties to the lawsuit;
(2) the name, address, and telephone number of any potential parties;
(3) the legal theories and, in general, the factual bases of the responding party's claims or defenses (the responding party need not marshal all evidence that may be offered at trial);
(4) the amount and any method of calculating economic damages;
(5) the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;
(6) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the responding party has in its possession, custody, or control, and may use to support its claims or defenses, unless the use would be solely for impeachment;
(7) any indemnity and insuring agreements described in Rule 192.3(f);
(8) any settlement agreements described in Rule 192.3(g);
(9) any witness statements described in Rule 192.3(h);
(10) in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;
(11) in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party; and

*Melinda Rodriguez vs. Sam's West, Inc. d/b/a El Paso Sam's Club #8153 a/k/a Sam's Club #8153*
*Plaintiff's Second Amended Petition*

Page 6 of 17

(12) the name, address, and telephone number of any person who may be designated as a responsible third party.

**194.3 Testifying Expert Disclosures.**

In addition to the disclosures required by Rule 194.2, a party must disclose to the other parties testifying expert information as provided by Rule 195.

**Disclosures. Without awaiting a discovery request, a party must provide the following for any testifying expert:**

(1) the expert's name, address, and telephone number;
(2) the subject matter on which the expert will testify;
(3) the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information.
(4) if the expert is retained by, employed by, or otherwise subject to the control of the responding party.

## XII.
## INTERROGATORIES AND PRIVILEGE LOG

Please take notice that pursuant to Rules 192 and 197 of the Texas Rules of Civil Procedure, Plaintiff serves the attached interrogatories to, marked hereto as **Exhibit "A"** to be propounded upon Defendant. The attached interrogatories are incorporated by reference as if set forth fully at length. Defendant is hereby instructed to answer the following interrogatories separately, fully, in writing under oath as required by Rule 197.2(d) of the Texas Rules of Civil Procedure. The answer shall be served upon the undersigned counsel. **It is understood and acknowledged that although discovery requests are incorporated herein, the requests will not be considered "served" until 30 days after Defendant receives Plaintiff's Initial Disclosures.**

Further, demand is made for supplementation of your answers to the interrogatories as required by the Texas Rules of Civil Procedure. **PRIVILEGE LOG-** Pursuant to Texas Rules of Civil Procedure 193.3(b), Plaintiffs requests that Defendant identify the information and material withheld. Demand is hereby made that the identity of the information and material withheld be done. **It is understood and acknowledged that although discovery requests are incorporated**

**herein, the requests will not be considered "served" until 30 days after Defendant receives Plaintiff's Initial Disclosures.**

## XIII.
## PRODUCTION AND PRIVILEGE LOG TO

Please take notice that pursuant to Rule 196 of the Texas Rules of Civil Procedure, Defendant is requested to produce and/or permit the undersigned attorney to inspect, copy and reproduce the items hereinafter marked hereto as **Exhibit "A-1"** to be propounded upon Defendant. The attached requests for production are incorporated by reference as if set forth fully at length. You must serve a written response to the undersigned attorney. **It is understood and acknowledged that although discovery requests are incorporated herein, the requests will not be considered "served" until 30 days after Defendant receives Plaintiff's Initial Disclosures.** Further, demand is made for supplementation of your Responses to the Request for Production as required to the Texas Rules of Civil Procedure. **PRIVILEGE LOG-** Pursuant to Texas Rules of Civil Procedure 193.3(b), Plaintiff requests that Defendant identify the information and material withheld. Demand is hereby made that the identity of the information and material withheld be done. **It is understood and acknowledged that although discovery requests are incorporated herein, the requests will not be considered "served" until 30 days after Defendant receives Plaintiff's Initial Disclosures.**

## XIV.
## CONCLUSION AND PRAYER

**WHEREFORE PREMISES CONSIDERED,** Plaintiff prays that Defendant be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendant for all relief requested, for costs, pre-judgment, and post judgment interest and for such other relief, general and special, at law or in equity, to which Plaintiff is entitled to relief of over $1,000,000.00.

Respectfully submitted,

**LAW FIRM OF DANIELA LABINOTI, P.C.**
707 Myrtle Avenue
El Paso, Texas 79901
(915) 581-4600- Voice
(915) 581-4605- Fax
daniela@labinotilaw.com

*/s/ Daniela Labinoti*
**DANIELA LABINOTI**
Texas State Bar Number: 24050900

## INSTRUCTIONS

Pursuant to the provisions of Tex. R. Civ. P. Rule 190.3, Plaintiff serves upon Defendant, by and through Defendant's attorney of record, this Level 3 set of disclosure requests, written interrogatories, admissions and requests for production, and requests that Defendant, answer the disclosure requests, interrogatories, admissions, and produce for inspection and copying (unless otherwise indicated) the documents and things set out below. Pursuant to Rule 190 and 193, you are requested to (1) number each item which will be produced pursuant to these Requests for Disclosure, Written Interrogatories, Admissions and Request for Production with a separate and distinct number or similar identifying designation and (2) to file your written response to these requests for disclosure, written interrogatories, admission, and request for production stating, with regard to each numbered request, the identification or exhibit numbers of the specific items being answered or produced in response to each such Request for Disclosure, Written Interrogatory, Admissions, or Request for Production. Documents or things which are required to be produced in response to more than one request may be listed by number in response to each request, but the document or thing itself need only be produced one time. All documents of things to be produced are to be forwarded to the undersigned attorneys attached to or together with your written response.

**It is understood and acknowledged that although discovery requests are incorporated herein, the requests will not be considered "served" until 30 days after Defendant receives Plaintiff's Initial Disclosures** in the offices of Plaintiffs' attorney, DANIELA LABINOTI, 707 MYRTLE AVENUE, EL PASO, TEXAS 79901, as time and place of making such inspection and copying, unless requested items are furnished to Plaintiffs' attorney by mail prior to such date.

## EXHIBIT "A"
## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

1.     Any video of the area of Plaintiff's injury for the date of this incident.

2.     Any photographs, drawings, sketches, video recordings, motion pictures, tapes, recordings, graphic depictions, or other tangible evidence concerning the scene of the occurrence involved in this case or the parties or witnesses to this case.

3.     All investigation reports, incident reports, accident reports, statements by witnesses (oral or recorded) concerning the accident made the subject of this suit which were made prior to the notice of a claim from Plaintiff's attorney.

4.     Any and all electronic or magnetic data concerning any of the items requested in any request for production served upon Defendant is hereby requested to be produced in the specific form of printed material, pursuant to the Texas Rules of Civil Procedure 196.4.

5.     All written information and correspondences from the Plaintiff's healthcare providers.

6.     Any photographs and videotapes of any surveillance of the Plaintiff.

7.     Inspection and photographing of the area of the occurrence made the subject of this suit.

8.     Any documents containing the name, address, and telephone number of each agent or representative of Defendant on the area of the premises at the time of the occurrence made the subject of this suit.

9.     All maintenance/cleaning records and reports concerning the location made the subject of this suit.

10.    All notices, citations, letters, demands, applications, court orders, findings, and other tangible items from or to any governmental entity concerning the floor/area conditions, building code violations, health department violations and citations, OSHA notices, safety violations and other condition or improvements for this facility.

11.    All documents and tangible things that show or depict any contracts, agreements, duties and/or obligations to maintain and inspect the store in question including but not limited to the area in question where Plaintiff's incident occurred.

12.    The Declaration Sheet and policy of insurance insuring Defendant in this claim.

13.    All statements made by Plaintiff.

14.    All estimates, work orders, invoices, contracts, inspection reports and pictures of the site of this incident on Defendant's premises made the subject of this suit.

15.    The accident report made by Plaintiff.

16.    All investigation reports, incident reports, accident reports, statements and any witnesses concerning any other premises liability claims against this Defendant's store located at 7970 North Mesa St., El Paso, Texas. For each claim against you where it was alleged that someone was injured due to a dangerous condition on the premises, please provide:

      a. Copy of all incident reports, accident reports and investigative files.
      b. Copies of all pleadings, judgments, and settlements thereon.
      c. Any documents which reflect the name and address of the Plaintiff.
      d. Any documents which reflect the date of the lawsuits.
      e. Any documents which reflect the style and location of the lawsuit.
      f. Any documents which reflect the name and address of Plaintiff's attorney.
      g. Any documents which reflect the nature of Plaintiff's injuries.

17.    Any documents showing the names, addresses and telephone numbers of all persons with knowledge of relevant facts regarding any matter in any way related to the issues involved in this lawsuit. This includes investigators and insurance adjusters who have taken statements or photographs or other action in this case.

18.    Any documents showing the names, addresses, qualifications, and telephone numbers of all expert witnesses who you will call to testify or whose work product forms a basis either in whole or in part of the opinion of an expert who is to be called as an expert. Produce any and all reports, mental impressions, opinions, notes, resumes, physical models, compilations of data, statement, or other written materials of any kind from any expert witness who will testify in this case or whose work product forms a basis either in whole or in part of the opinion of an expert who is to be called as an expert. If the discoverable factual observations, test, supporting data, calculations, photographs, or opinion of any such expert witness who will be called as a witness have not been recorded or reduced to tangible form, those matters are hereby requested to be reduced to tangible form and produced.

19.    Any procedure concerning the maintenance or inspection of the floors of the premises at the time of the occurrence made the subject of this suit.

20.    Any deposition transcripts, trial transcripts or other recorded testimony of witnesses, listed by Plaintiff.

21.    All correspondences sent by Defendant to the Plaintiff's health care providers.

22.    Any tests or studies done by Defendant on safety of the area.

23.    All medical records of the Plaintiff received by Defendant.

24.    Pursuant to Texas Rules of Evidence 609, please provide any documents or other information you have which suggests Plaintiffs, Defendant, or any witness identified in

*Melinda Rodriguez vs. Sam's West, Inc. d/b/a El Paso Sam's Club #8153 a/k/a Sam's Club #8153*
*Plaintiff's Second Amended Petition*

Page 12 of 17

this lawsuit, including expert and consulting witnesses, has been convicted of a crime which was a felony or one which involved moral turpitude. Please state the nature of the crime, date of conviction, court/county of conviction, disposition, and if probation was imposed, please state if the probation was successfully completed.

**PURSUANT TO TEXAS RULES OF EVIDENCE 609, THIS IS YOUR ADVANCE WRITTEN NOTICE THAT WE INTEND TO USE ANY ADMISSIBLE INFORMATION ABOUT YOUR CRIMINAL HISTORY AT THE TRIAL OF THIS LAWSUIT.**

25. Any and all tangible things that show or depict the training provided to Defendant's employees in maintaining and inspecting the floors in the area where the Plaintiff's incident occurred.

26. Any and all tangible things that show or depict the investigation made by Defendant as result of this accident and before the anticipation of litigation or hiring of counsel.

27. Defendant's store investigative file as result of this accident and before the anticipation of litigation or hiring of counsel.

28. For the location where the incident made the basis of this lawsuit occurred, all premise liability incident reports for the last 5 years involving substances on the floor limited to El Paso, Texas.

29. A roster of employees on duty at the store for the day of incident in question in the store in question.

30. Any and all statements from any witnesses, including any and all employee statements involving this incident.

31. Any and all documents and/or tangible things that show the last time the floor in question was inspected prior to the incident in question.

32. Any and all documents and/or tangible things that show or depict any and all individuals with knowledge of the event in question.

33. Any and all documents and tangible things that show/depict the policies, procedures of Defendant for maintaining or inspecting the floors in the area where the Plaintiff's incident occurred to ensure it is safe for invitees such as the Plaintiff.

34. Any and all documents and/or tangible things that show/depict/evidence the training of employees in the maintenance or inspecting the floors in the area where the Plaintiff's incident occurred to ensure it is safe for invitees such as Plaintiff.

35. Any and all witness statements the restaurant prepared after the incident.

36.  All photos involving the area of the incident.

37.  All photos of the floor in question.

38.  All documents or tangible things showing or depicting the maintenance performed on the floor in question.

39.  All policies and procedures of maintaining the floors in question.

40.  All policies and procedures, emails, guides, involving inspection, maintenance and/or cleaning of the floor in question.

41.  All documents, emails, tangible things, notes, memos involving last time the floor in question was inspected by employees or agents of Defendant.

42.  All documents and tangible things that show Plaintiff was at fault and or negligent for this incident.

43.  Any guides, memos, policy, procedures, trainings, guides, manuals, on how to address the issue of substances on the floors.

44.  Any guides, memos, policy, procedures, trainings, guides, manuals, on how warn and protect customers from dangerous conditions on the floor.

45.  Any photos of the substance on the floor on the day in question.

46.  Any photos of the area in question.

47.  Any photos or video of the substance on the floor on the date of the incident made subject of this suit.

48.  Manager's notes, emails, correspondence, and or any other documents involving the "investigation" of the incident subject to this suit.

## EXHIBIT "A-1"
## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF
## DOCUMENTS AND THINGS TO DEFENDANT

1.   Describe who was in control of inspecting the floors in the aisle where Plaintiff's incident occurred at the time of the incident made the basis of this lawsuit.

2.   Please describe how the Plaintiff's alleged occurrence happened, giving all events in detail in the order in which they occurred, before, at the time of, or after the occurrence, which had any bearing on the cause and manner of the happening of the occurrence.

3.   Please state what precautions, if any, were taken by you or any agent or employee of any Defendant on the date of, prior to, and after the date of the Plaintiff's alleged occurrence, to prevent injuries to users and invitees in the same way as Plaintiff got hurt.

4.   Please describe in detail each action or activity of the Plaintiff from the time you or any agent of any Defendant first observed her before, at, and subsequent to the time of the alleged occurrence.

5.   Please state whether and what assistance was rendered to the Plaintiff immediately after the alleged occurrence, particularly with regard to the physical condition of the Plaintiff (any obvious signs of bleeding, bruises, cuts, or other physical injury), the emotional and mental condition of the Plaintiff (crying, talking, complaining of pain or otherwise mentally disturbed), and the appearance of the Plaintiff's clothing (disarranged, torn, dirty or otherwise).

6.   Please state the name, address and telephone number of all employees that were working at or near the time of the events of the Plaintiff's injuries by providing their name, title, shift hours, time of employment with Defendant, current status (employed or not employed with Defendant), and last known address and last known telephone number if they are no longer employed with Defendant.

7.   Please describe the area where the accident happened and the dangerous condition around the area.

8.   State when you were first made aware of the raspberry on the floor.

9.   Prior to the alleged occurrence, state whether you or any agent of the Defendant had any knowledge of the existence of any defective condition on the premises where the Plaintiff's alleged occurrence happened, including how you or any agent of the Defendant acquired such knowledge, and how long the condition or defect had been present prior to the alleged occurrence.

10.  Describe any examination or inspection made by you or any agent of yours, of the premises where the Plaintiff alleges that the occurrence happened prior to the alleged occurrence, including whether there was a video of the area in question at the time of the incident, the

date and time of the day of such examination or inspection (including whether you reviewed the video and what it showed), the identification, including the name and address of the person or persons making such examination or inspection, the complete details of what such examination or inspection consisted, the complete details of what such examination or inspection revealed or showed, and the complete details of each and every act or activity done or undertaken by you or any agent or employee of Defendant's as a result of any condition or circumstance disclosed by such examination.

11. Describe any maintenance, cleaning or other work of any kind that was made to the premises in connection with the alleged occurrence, including, what such maintenance or cleaning consisted of, the names and addresses of the persons who performed such maintenance, cleaning or other work and the date and time such maintenance or other work was made.

12. Identify any and all other persons with responsibility for cleaning and/or inspecting the location where this incident occurred at the time of the alleged occurrence, and please state fully what arrangements, policies, procedures Defendant had for cleaning or inspecting the premises at the time of the alleged occurrence.

13. Please state in detail each act or omission by each person which you contend contributed to cause the alleged occurrence.

14. Please give the substance of any and all conversations, communications, or statements made by or between the Plaintiff and you or any agent or employee of any other Defendant relative to the alleged occurrence.

15. Please give the name and address of anyone (except an expert who will not testify at trial) who took or prepared the following photographs or videotapes that you possess or control, your attorney possesses or controls, or any agent of you or your attorney possesses or controls:

   a. Photographs or videotapes showing any injury alleged to have been caused by the incident mentioned in the complaint; and photographs or videotapes showing the Plaintiff (including in-store video);
   b. State the number of photographs taken;
   c. State the date when each photograph was taken; and
   d. State the name, address, and phone number of people conducting any type of surveillance of Plaintiff.

16. For each negligence claim in the past five (5) years that has been made in connection with slip and fall incidents at Sam's Club in El Paso, Texas, involving substances on the floor and a customer being injured, please state:

   a. The name, address, and phone number of the custodian of all incident reports, accident reports and investigative files, the circumstances concerning the injury, findings, judgment, and settlements thereon.

     b.  The name and address of the Plaintiff;
     c.  The date of such injury or incident;
     d.  Style and location of the lawsuit;
     e.  Name and address of Plaintiff's attorney;
     f.  Nature of Plaintiff's injuries.
     g.  The basis upon which you denied responsibility.

17.    State the name, address, and phone number of each person who you will call to trial and a summary of their expected testimony.

18.    List any disciplinary proceedings, write ups, verbal warnings of the manager AND /OR any employees present on the date in question and at the time of the incident in question that in any way relates to the incident in question and/or Plaintiff's injuries and/or the floor in question.

19.    Provide a list of all the employees that were working at the time of the Plaintiff's incident and state the following:

     a.  their name;
     b.  their title;
     c.  job duties and responsibilities;
     d.  shift hours

20.    State the training provided by you to employees and staff on properly cleaning up items on the floor.

21.    Provide the name of the employee who was in charge of cleaning up the area where Plaintiff fell, on the date of the incident made the basis of this suit.

22.    State whether this employee has ever received any disciplinary actions while working for Defendant Sam's Club, and if so, please provide the type of discipline this employee received, the year received, and the reason for said disciplinary actions.

23.    Provide the name of the employee who had conversation with Plaintiff regarding the incident by providing the name, date of hire, current status as employee or non-employee, and if they no longer are employed by Defendant, please provide their last known address and phone number.

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Daniela Labinoti on behalf of Daniela Labinoti
Bar No. 24050900
daniela@labinotilaw.com
Envelope ID: 73779657
Filing Code Description: Case Information Sheet
Filing Description: AA
Status as of 3/21/2023 9:47 AM MST

Associated Case Party: Melinda Rodriguez

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Melissa Thacker | | melissa@labinotilaw.com | 3/17/2023 2:54:59 PM | SENT |
| Danny Leal | | danny@labinotilaw.com | 3/17/2023 2:54:59 PM | SENT |
| Daniela Labinoti | | daniela@labinotilaw.com | 3/17/2023 2:54:59 PM | SENT |
| Suetta Carder | | suetta@labinotilaw.com | 3/17/2023 2:54:59 PM | SENT |
| Jonathan Baeza | | jonathan@labinotilaw.com | 3/17/2023 2:54:59 PM | SENT |

# EXHIBIT B

El Paso County - County Court at Law 6

Filed 3/24/2023 4:34 PM
Norma Favela Barceleau
District Clerk
El Paso County
2023DCV0858

## IN THE DISTRICT OF EL PASO COUNTY, TEXAS

## COUNTY COURT AT LAW 6

MELINDA RODRIGUEZ

vs                                                      Cause No. 2023DCV0858

SAM'S WEST, INC.,

### TRANSFER ORDER

ON 3/23/2023 Pursuant to the local rules of the District and County Courts of El Paso County, Texas, the above styled and numbered cause has been randomly transferred from the COUNTY COURT AT LAW 6 to the 41ST DISTRICT COURT of EL PASO COUNTY, TEXAS.

Signed and Entered: MARCH 23, 2023

M. SUE KURITA, JUDGE                    ANNA PEREZ, JUDGE
COUNTY COURT AT LAW 6                    41ST DISTRICT COURT

*TRANSFER ORDER PREPARED BY CJA*

**ORIGINAL TO BE FILED**

**REASON FOR TRANSFER:**          **VOLUNTARY RECUSAL**

**FAXED TO ATTORNEYS AND/ OR PRO SE**

**DANIELA LABINOTI**